946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry WINFIELD, Plaintiff-Appellant,
v.
Ted ARNOLD, Lt. Stanley Seinicki, Barbara Herndon, Brian
Lothier, Defendants-Appellees.
 No. 91-5405.
 United States Court of Appeals, Sixth Circuit.
 Oct. 10, 1991.
 
 1
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and ROSEN, District Judge.*
 
 ORDER
 
 2
 Terry Winfield moves for counsel on appeal from the district court's summary judgment in favor of defendants in this prisoner civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Winfield filed his civil rights action against Ted Arnold, a case worker at Dismas House Charities, Inc. in Louisville, Kentucky, and three correctional officers at the Roederer Farm Center (RFC) in LaGrange, Kentucky. Winfield's claims against defendant Arnold were that he was denied medication for his epileptic condition; that he suffered a seizure while on a home leave as a result of such denial; that after going to the hospital for said seizure, and returning to Dismas House, he failed a breathalyzer test, resulting in his being returned to the custody of RFC. The complaint against the RFC correctional officers alleged that upon Winfield's arrival at RFC, he was denied medication and placed on a top bunk despite informing personnel at RFC of his epileptic condition. Winfield claimed these actions resulted in his suffering a seizure and fall. Winfield sought monetary and injunctive relief.
 
 
 4
 The district court held: 1) that Winfield's case against the three correctional officers was barred under the doctrine of collateral estoppel and issue preclusion; and 2) that even if Winfield's case was not precluded on the basis of collateral estoppel, Winfield failed to demonstrate a deliberate indifference to his serious medical needs. This appeal followed.
 
 
 5
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants because no genuine issue of material fact existed and the defendants were entitled to judgment as a matter of law. See Canderm v. Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Winfield's case against the three correctional officers is barred under the doctrine of collateral estoppel and issue preclusion. Winfield filed a prior civil rights action in the district court, in which he alleged a violation of his Eighth Amendment rights as a result of the defendants' alleged deliberate indifference to his serious medical needs. The allegations in the prior lawsuit were basically the same, the only distinction being the medical condition allegedly involved. The prior action terminated in a final dismissal of Winfield's complaint for failure to state a claim. The instant action arises from the same factual and legal issues as the prior action. Consequently, the application of collateral estoppel and issue preclusion in this case was permissible. See United States v. Sandoz Pharmaceuticals Corp., 894 F.2d 825, 826-28 (6th Cir.), cert. denied, 111 S.Ct. 45 (1990).
 
 
 7
 Summary judgment for defendant Arnold was proper because Winfield failed to demonstrate that this defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 8
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Gerald E. Rosen, U.S. District Judge for the Eastern District of Michigan, sitting by designation